SCHOTT, Judge.
Plaintiffs have appealed from a judgment maintaining exceptions of prescription filed by both defendants and dismissing their suit. They instituted these proceedings *114 with a “Petition for Damages & Attorney’s Fees on Account of Fraud & Badness of Workmanship” and made the following pertinent allegations:
“III. On January 5, 1973 plaintiffs purchased from First National Mortgage Corporation a home built by Lucien J. Caruso, Inc. on lot 71 of Highland Villa Subdivision Extension # 4 in the Parish of St. Bernard, State of Louisiana for a total purchase price of $18,933.89. Thereafter plaintiffs moved into the residence.”
They further alleged that almost immediately after moving into their home they became aware of serious defects, such as sinking garage and slab, cracking bricks and wall, inoperable garage door, walls not properly attached to the floor slab, ceramic tiles falling, loose door frames and other defects; they reported these problems to defendants whereupon Caruso responded by pouring an overlay of concrete on the slab of the garage sometime in the fall of 1973, and by having the sinking structure mud-jacked on three separate occasions in December, 1974, October, 1975, and August, 1976: thereafter they were scheduled for still another mudjacking when they were informed that such an operation would accomplish nothing since the house was structurally unsound and beyond repair. The petition then contains the following allegations:
“X
Plaintiffs were informed at the act of sale that the slab foundation of their home was warrantied for five years. The slab as well as the entire structure is cracking, shifting and sinking; is in a ruinous condition and has not endured five years.
“XI
Defendant knew or should have known of the defective soil on which the house was built. The house was built in an area which was previously partially swamp or wetlands and was subsequently drained and filled. When such is the case, subsidence is to be expected. Homes therefore, if constructed at all, are built on pilings, not at grade. Plaintiffs’ home was built at grade and it should have been built, according to acceptable building practices at that time, on pilings.
“XIII
The present condition of the house is such that it is structurally unsound; it cannot be repaired and it must be demolished. Had plaintiffs known of the poor soil condition and poor workmanship used throughout the house, plaintiffs would not have bought it.
“XIV
The present condition of the home is due to the negligence of defendants and the plaintiffs specifically plead the doctrine of res ipsa loquitur.
“XVIII
Defendants Lucien J. Caruso, Inc. and First National Mortgage Corporation are liable herein in solido because:
1. Lucien J. Caruso, Inc., as the builder, knew of the defects of the soil and failed to declare them to plaintiffs, which failure is fraud. He is also, as builder, responsible for the badness of workmanship; and
2. First National Mortgage Corporation, as vendor, is liable in that it knew or should have known of the vices, defects and badness of workmanship. Failing to declare same to vendees-plaintiffs is fraud. Having availed themselves of the benefits of being vendor, First National Mortgage Corporation cannot now disavow any of the liability pertaining thereto.
“XX
Plaintiffs are also entitled to reasonable attorneys’ fees for the following reasons:
1. Bad faith in the execution of the contract of sale with the plaintiffs while *115 failing to provide a sound structure; and
2. Fraud by concealing and/or failing to declare the vices and defects of the house and lot in question.”
Both defendants filed exceptions of prescription on the ground that the petition sounds in tort and/or redhibition. They took the position that the date of the last attempt to remedy the defect was in August, 1976, when the last mudjacking took place, so that the plaintiffs’ filing of the petition on January 4, 1978, came too late.
In response to these exceptions plaintiffs filed an affidavit of Mrs. Cynthia Mirambell Williams, plaintiff, in which she recited that the house was built by Caruso specifically for her husband and herself; they picked out the lot, a floor plan, the bricks, floor tile, counter tops, paint colors and other details. In the affidavit she repeated the allegations of plaintiffs’ petition with respect to the sinkage of the house, the attempts to remedy the problem by mudjack-ing, and the last mudjack job in August, 1976. She added that as late as December, 1977, the shoring contractor who had been employed by Caruso was assuring her that he intended to do some additional shoring on the house. No where in this affidavit is First National mentioned.
The affidavit makes it clear that the house was constructed by Caruso and consequently First National cannot be said to have had constructive knowledge of the defects in the house when the sale was con-fected. As a result, there is no basis for the extension of the one year prescription for a redhibitory action established by C.C. Art. 2534. Obviously, the suit as a tort action likewise prescribed long before it was filed.
With respect to Caruso, the same result follows as to plaintiffs’ tort action. As to the redhibitory action against Caruso it has likewise prescribed although for different reasons than those which apply to the suit against First National. As the builder of the house Caruso is charged with constructive knowledge of defects, and prescription did not begin to run until plaintiffs discovered the defects. C.C. Arts. 2545 and 2546. Furthermore, where a vendor attempts to remedy defects prescription does not begin to run until the vendor’s last remedial efforts. Brown v. Danzat, 157 So.2d 570 (La.App. 3rd Cir. 1963).
In the affidavit of Mrs. Williams, as well as their petition, they state that the last date of such remedial efforts was in August, 1976, and since the suit was not filed until January, 1978, the redhibitory action against Caruso was filed too late.
However, applicable to the case against Caruso is C.C. Art. 2762 which provides as follows:
“If a building, which an architect or other workman has undertaken to make by the job, should fall to ruin either in whole or in part, on account of the badness, of the workmanship, the architect or undertaker shall bear the loss if the building falls to ruin in the course of ten years, if it be a stone or brick building, and of five years if it be built in wood or with frames filled with bricks.”
Although the petition is inartfully drawn it is labeled a petition for “badness of workmanship" — terms taken directly from Art. 2762.
In Paragraph X of the petition the allegation is made that the house “is in a ruinous condition and has not endured five years,” an obvious effort to identify the cause of action with Art. 2762. Finally, in Paragraph XVIII, plaintiffs allege that Caruso “is also, as builder, responsible for the badness of workmanship,” another clear reference to Art. 2762. When the petition is read in conjunction with the affidavit of Mrs. Williams, which clearly sets forth Caruso’s role as the builder, who has custom built this house for plaintiffs, and the fact that the house is falling to ruin because of badness of workmanship, there remains no basis for the maintenance of the exception of the prescription of one year as far as the suit against Caurso is concerned.
Accordingly, the judgment maintaining the exception of prescription filed by defendant First National Mortgage Corpora *116 tion and dismissing plaintiffs’ suit against it is affirmed.
The judgment in favor of Lucien J. Caruso, Inc. and against plaintiffs, dismissing their suit against it is reversed and set aside. The exception of prescription filed by Lucien J. Caruso, Inc. as to plaintiffs’ alleging a cause of action under C.C. Art. 2762 is overruled and the case is remanded to the trial court.
Plaintiff is to pay the costs of the appeal with respect to First National Mortgage Corporation. Lucien J. Caruso, Inc. is to pay the costs of plaintiffs’ appeal, and all other costs are to await the outcome of these proceedings.
AFFIRMED IN PART REVERSED IN PART AND REMANDED.